**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CENTRAL DIVISION**

| | |
|---|---|
| JOHN Z. GOMEZ, JR., <br><br> Plaintiff, <br> vs. <br><br> CAROLYN W. COLVIN, Acting Commissioner of Social Security, <br><br> Defendant. | No. C14-3073-CJW <br><br> **MEMORANDUM OPINION AND ORDER** |

Plaintiff John Gomez, Jr. seeks judicial review of a final decision of the Commissioner of Social Security (Commissioner) denying his application for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI) under Titles II and XVI of the Social Security Act, 42 U.S.C. § 401 *et seq*. (Act). Gomez contends that the administrative record (AR) does not contain substantial evidence to support the Commissioner's decision that he was not disabled during the relevant time period. For the reasons that follow, the Commissioner's decision will be reversed and remanded.

## I. BACKGROUND

Gomez was born in 1949 and has completed the 8th grade. He has past worked as a shot blaster, mechanic, security guard, warehouse worker, sandblaster and fiberglass worker. AR 40-41, 43-45, 59, 99, 205, 208. Gomez filed an application for DIB and SSI on April 28, 2009, alleging a disability onset date of June 10, 2008. AR 109-10, 111-13. He alleges disability due to headaches, depression and a tumor in the pituitary gland. AR 33, 63.

Gomez's claims were denied initially and on reconsideration. AR 63-71. He then requested a hearing before an Administrative Law Judge (ALJ). ALJ Robert J. Labrum conducted a hearing on February 24, 2010, at which Gomez and a vocational expert (VE) testified. AR 29-52, 74. On March 5, 2010, the ALJ issued a decision denying Gomez's claim. AR 8-28. The Appeals Council denied his request for review on February 15, 2011. AR 1-5, 6-7. Prior to the Appeals Council's decision, Gomez was found disabled as of November 15, 2010. AR 473. Thus, this case addresses the period before that date, beginning with the alleged onset date.

Gomez filed a complaint in this court on March 30, 2011, Docket No. C11-3011-DEO, seeking review of the ALJ's decision. On September 26, 2012, the Honorable Donald E. O'Brien issued an order (Doc. No. 23 in No. C11-3011) remanding the case to the Commissioner. *See Gomez v. Astrue*, No. 11-CV-3011-DEO, 2012 WL 4482154 (N.D. Iowa 2012) (*Gomez I*). On January 31, 2013, the Appeals Council vacated the ALJ's decision and returned the case to the ALJ for further proceedings consistent with Judge O'Brien's order. AR. 506-09. ALJ Eric S. Basse conducted a hearing on August 14, 2013, at which Gomez and a VE testified. AR 422-35. On September 12, 2013, the ALJ issued a decision denying Gomez's claim. AR 396-412.

On September 26, 2013, Gomez requested that the Appeals Council review the second ALJ decision. AR 392-95. On October 22, 2014, the Appeals Council denied the request for review, meaning that decision became the final administrative decision in the case. AR 387-90, 396-412.

Gomez filed a complaint (Doc. 3) in this court on November 12, 2014, seeking review of the decision. On January 5, 2015, with the consent of the parties (Doc. 7), the Honorable Mark W. Bennett transferred this case to then-Magistrate Judge Leonard Strand for final disposition and entry of judgment. The case was later re-assigned to me. The parties have briefed the issues, and the matter is now fully submitted.

## II. DISABILITY DETERMINATIONS AND THE BURDEN OF PROOF

A disability is defined as "the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505, 416.905. An individual has a disability when, due to his physical or mental impairments, he "is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists . . . in significant numbers either in the region where such individual lives or in several regions of the country." 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B). If the claimant is able to do work which exists in the national economy but is unemployed because of inability to get work, lack of opportunities in the local area, economic conditions, employer hiring practices or other factors, the ALJ will still find the claimant not disabled. 20 C.F.R. §§ 404.1566(c)(1)-(8), 416.966(c)(1)-(8).

To determine whether a claimant has a disability within the meaning of the Act, the Commissioner follows the five-step sequential evaluation process outlined in the regulations. *Id.* §§ 404.1520, 416.920; *see Kirby v. Astrue*, 500 F.3d 705, 707 (8th Cir. 2007). First, the Commissioner will consider a claimant's work activity. If the claimant is engaged in substantial gainful activity, then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). "Substantial" work activity involves physical or mental activities. "Gainful" activity is work done for pay or profit. 20 C.F.R. §§ 404.1572(a), 404.1572(b).

Second, if the claimant is not engaged in substantial gainful activity, then the Commissioner looks to the severity of the claimant's physical and medical impairments. If the impairments are not severe, then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). An impairment is not severe if "it does not

significantly limit your physical or mental ability to do basic work activities." 20 C.F.R. § 404.1521(a); *see also* 20 C.F.R. §§ 404.1520(c), 416.920(c), 416.921(a); *Kirby*, 500 F.3d at 707.

The ability to do basic work activities is defined as having "the abilities and aptitudes necessary to do most jobs." 20 C.F.R. §§ 404.1521(b), 416.921(b). These abilities and aptitudes include (1) physical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying or handling; (2) capacities for seeing, hearing and speaking; (3) understanding, carrying out and remembering simple instructions; (4) use of judgment; (5) responding appropriately to supervision, co-workers and usual work situations; and (6) dealing with changes in a routine work setting. *Id.* §§ 404.1521(b)(1)-(6), 416.921(b)(1)-(6); *see Bowen v. Yuckert*, 482 U.S. 137, 141 (1987).

Third, if the claimant has a severe impairment, then the Commissioner will determine its medical severity. If the impairment meets or equals one of the presumptively disabling impairments listed in the regulations, then the claimant is considered disabled regardless of age, education and work experience. 20 C.F.R. §§ 404.1520(a)(4)(iii), 404.1520(d), 416.920(a)(4)(iii), 416.920(d); *see Kelley v. Callahan*, 133 F.3d 583, 588 (8th Cir. 1998).

Fourth, if the claimant's impairment is severe, but it does not meet or equal one of the presumptively disabling impairments, then the Commissioner will assess the claimant's residual functional capacity (RFC) and the demands of his past relevant work. If the claimant cannot do his past relevant work, then he is considered disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv), 404.1545(a)(4), 416.920(a)(4)(iv), 416.945(a)(4). Past relevant work is any work the claimant has done within the past 15 years of his application that was substantial gainful activity and lasted long enough for the claimant to learn how to do it. *Id.* § 416.960(b)(1). "RFC is a medical question defined wholly in terms of the claimant's physical ability to perform exertional tasks or, in other words, what the claimant can still do despite his or her physical or mental limitations." *Lewis v. Barnhart*,

4

353 F.3d 642, 646 (8th Cir. 2003) (internal quotation marks omitted); *See* 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). The RFC is based on all relevant medical and other evidence. *Id.* §§ 404.145(a)(3), 416.945(a)(3). The claimant is responsible for providing the evidence the Commissioner will use to determine the RFC. *Id.* If a claimant retains enough RFC to perform past relevant work, then the claimant is not disabled. *Id.* §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv).

Fifth, if the claimant's RFC as determined in Step Four will not allow the claimant to perform past relevant work, then the burden shifts to the Commissioner to show there is other work the claimant can do, given the claimant's RFC, age, education and work experience. *Id.* §§ 416.912(f), 416.920(a)(4)(v). The Commissioner must show not only that the claimant's RFC will allow him to make the adjustment to other work, but also that other work exists in significant numbers in the national economy. *Eichelberger v. Barnhart*, 390 F.3d 584, 591 (8th Cir. 2004); 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). If the claimant can make the adjustment, then the Commissioner will find the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). At step five, the Commissioner has the responsibility of developing the claimant's complete medical history before making a determination about the existence of a disability. *Id.* §§ 404.145(a)(3), 416.945(a)(3). The burden of persuasion to prove disability remains on the claimant. *Stormo v. Barnhart*, 377 F.3d 801, 806 (8th Cir. 2004).

If after these five steps the ALJ has determined the claimant is disabled but there is medical evidence of substance use disorders, the ALJ must decide if that substance use is a contributing factor material to the determination of disability. 42 U.S.C. §§ 423(d)(2)(C). The ALJ must then evaluate the extent of the claimant's limitations without the substance use. *Id.* If the limitations would not be disabling, then the disorder is a contributing factor material to determining disability and the claimant is not disabled. 20 C.F.R. §§ 404.1535, 416.935.

## III. THE ALJ'S FINDINGS

The ALJ made the following findings:

(1) The claimant meets the insured status requirements of the Social Security Act through December 13, 2013.

(2) The claimant has not engaged in substantial gainful activity since June 10, 2008, the alleged onset date (20 CFR 404.1571 *et seq.* and 416.971 *et seq.*).

(3) The claimant has the following severe impairments: depression; generalized anxiety disorder (GAD); headaches; hypertension; obesity; and a history of alcohol abuse (20 CFR 404.1520(c) and 416.920(c)).

(4) The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526. 416.920(d), 416.925 and 416.926).

(5) After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity [sic] perform work at the medium exertional level except that the claimant can make only simple work-related judgments and decisions. He can understand, remember, and carry out only short, simple instructions. He can deal with only occasional changes in a routine work setting. He can have only occasional contact with the public, co-workers, or supervisors.

(6) The claimant is unable to perform any past relevant work (20 CFR 404.1565 and 416.965).

(7) The claimant was born on September 26, 1949, and was 58 years old, which is defined as an individual of advanced age, on the alleged disability onset date. The claimant subsequently changed age category to closely approaching retirement age (20 CFR 404.1563 and 416.963).

(8) The claimant has at least a high school education and is able to communicate in English (20 CFR 404.1564 and 416.964).

(9) Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

(10) Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1569 and 404.1569(a) 416.969, and 416.969(a)).

(11) The claimant has not been under a disability, as defined in the Social Security Act, from June 10, 2008, through the date of this decision (20 CFR 404-1520(g) and 416.920(g)).

AR 439-50.

## IV. *THE SUBSTANTIAL EVIDENCE STANDARD*

The Commissioner's decision must be affirmed "if it is supported by substantial evidence on the record as a whole." *Pelkey v. Barnhart*, 433 F.3d 575, 577 (8th Cir. 2006); *see* 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ."). "Substantial evidence is less than a preponderance, but enough that a reasonable mind might accept as adequate to support a conclusion." *Lewis*, 353 F.3d at 645. The Eighth Circuit explains the standard as "something less than the weight of the evidence and [that] allows for the possibility of drawing two inconsistent conclusions, thus it embodies a zone of choice within which the [Commissioner] may decide to grant or deny benefits without

being subject to reversal on appeal." *Culbertson v. Shalala*, 30 F.3d 934, 939 (8th Cir. 1994).

In determining whether the Commissioner's decision meets this standard, the court considers "all of the evidence that was before the ALJ, but it [does] not re-weigh the evidence." *Vester v. Barnhart*, 416 F.3d 886, 889 (8th Cir. 2005). The court considers both evidence which supports the Commissioner's decision and evidence that detracts from it. *Kluesner v. Astrue*, 607 F.3d 533, 536 (8th Cir. 2010). The court must "search the record for evidence contradicting the [Commissioner's] decision and give that evidence appropriate weight when determining whether the overall evidence in support is substantial." *Baldwin v. Barnhart*, 349 F.3d 549, 555 (8th Cir. 2003) (citing *Cline v. Sullivan*, 939 F.2d 560, 564 (8th Cir. 1991)).

In evaluating the evidence in an appeal of a denial of benefits, the court must apply a balancing test to assess any contradictory evidence. *Sobania v. Sec'y of Health & Human Servs.*, 879 F.2d 441, 444 (8th Cir. 1989). The court, however, does not "reweigh the evidence presented to the ALJ," *Baldwin*, 349 F.3d at 555 (citing *Bates v. Chater*, 54 F.3d 529, 532 (8th Cir. 1995)), or "review the factual record de novo." *Roe v. Chater*, 92 F.3d 672, 675 (8th Cir. 1996) (citing *Naber v. Shalala*, 22 F.3d 186, 188 (8th Cir. 1994)). Instead, if, after reviewing the evidence, the court finds it "possible to draw two inconsistent positions from the evidence and one of those positions represents the Commissioner's findings, [the court] must affirm the [Commissioner's] denial of benefits." *Kluesner*, 607 F.3d at 536 (quoting *Finch v. Astrue*, 547 F.3d 933, 935 (8th Cir. 2008)). This is true even in cases where the court "might have weighed the evidence differently." *Culbertson*, 30 F.3d at 939 (quoting *Browning v. Sullivan*, 958 F.2d 817, 822 (8th Cir. 1992)). The court may not reverse the Commissioner's decision "merely because substantial evidence would have supported an opposite decision." *Baker v. Heckler*, 730 F.2d 1147, 1150 (8th Cir. 1984); *see Goff v. Barnhart*, 421 F.3d 785, 789

(8th Cir. 2005) ("[A]n administrative decision is not subject to reversal simply because some evidence may support the opposite conclusion.").

## V. DISCUSSION

Gomez contends the ALJ's decision is not supported by substantial evidence because (1) the ALJ failed to follow this court's prior order on remand and (2) the ALJ's mental RFC findings are not supported by substantial evidence. As I will explain below, the first argument is dispositive.

### A. *The Law of the Case Doctrine*

Gomez argues that the ALJ failed to develop the record by not following the instructions given by Judge O'Brien on remand. Specifically, Gomez argues that the ALJ failed to contact Daniel Arnold, D.O., or do anything else to clarify Dr. Arnold's prior findings. The Commissioner admits that the ALJ failed to contact Dr. Arnold but contends that this failure was harmless, as Dr. Arnold would not have been able to clarify findings made during an evaluation that took place in November of 2008.

#### 1. *Applicable Standards*

The law of the case doctrine provides that "when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." *U.S. v. Parker*, 762 F.3d 801, 806 (8th Cir. 2014) (quoting *Arizona v. California*, 460 U.S. 605, 618 (1983)). The purpose of the doctrine is to prevent the relitigation of settled issues. *First Union Nat. Bank v. Pictet Overseas Trust Corp., Ltd.*, 477 F.3d 616, 620 (8th Cir. 2007) (quoting *Little Earth of the United Tribes, Inc. v. United States Dep't of Hous. & Urban Dev.*, 807 F.2d 1433, 1441 (8th Cir. 1986)). Among other things, the doctrine requires lower courts to follow remand orders and

"adhere to decisions made in earlier proceedings." *Vander Molen v. Astrue*, 630 F. Supp. 2d 1010, 1015 (S.D. Iowa 2009) (internal citations and quotations omitted).

The Eighth Circuit Court of Appeals has held that the law of the case doctrine applies to administrative agencies on remand. *Hulsey v. Astrue*, 622 F.3d 917, 924 (8th Cir. 2010) (citing *Brachtel v. Apfel*, 132 F.3d 417, 419 (8th Cir. 1997)). In Social Security cases, the permissible scope of the ALJ's decision after remand is guided by the instructions from the Appeals Council. *Meyerhoff v. Colvin*, No. C12–3046–MWB, 2013 WL 3283696 at *17 (N.D. Iowa 2013).

A reviewing court may remand with or without limitations. *United States v. Bates*, 614 F.3d 490, 494 (8th Cir. 2010). "ALJ's may not re-litigate issues already settled by their remand orders." *Ischay v. Barnhart*, 383 F. Supp. 2d 1199, 1215 (C.D. Cal. 2005). When remand orders contain instructions concerning the scope of decision, issues to be addressed, or other evidence to examine, "deviation from the court's remand order in the subsequent administrative proceedings is itself legal error, subject to reversal on further judicial review." *Id.* at 1214 (quoting *Sullivan v. Hudson*, 490 U.S. 877, 886 (1989)).

The law of the case doctrine protects the "settled expectations of the parties." *First Union Nat. Bank*, 477 F.3d at 620 (quoting *Little Earth of the United Tribes, Inc.*, 807 F.2d at 1441). The doctrine applies to issues that were either explicitly decided or settled by "necessary implication." *Meyerhoff*, 2013 WL 283696, at *18. Factors to consider in determining whether an issue was implicitly decided are: "(1) resolution of the issue was a necessary step in resolving the earlier appeal; (2) resolution of the issue would abrogate the prior decision and so must have been considered in the prior appeal; and (3) the issue is so closely related to the earlier appeal its resolution involves no additional consideration and so might have been resolved but unstated." *McIlravy v. Kerr–McGee Coal Corp.*, 204 F.3d 1031 (10th Cir. 2000) (quoting *Guidry v. Sheet Metal Workers Intern. Ass'n*, Local No. 9, 10 F.3d 700, 707 (10th Cir. 1993), modified on other grounds

sub nom. *Guidry v. Sheet Metal Workers Nat. Pension Fund*, 39 F.3d 1078 (10th Cir. 1994) (en banc)).

The law of the case doctrine does not apply to general remand orders or the issues that formed the basis for remand. *Williams v. Apfel*, 65 F. Supp. 2d 1223, 1230 (N.D. Okla. 1999). For example, when a court instructs the ALJ to simply "create a full and proper record" there is no instruction to proceed upon a certain factual finding, so the law of the case does not apply. *Id.* When subsequent proceedings follow a general remand, the ALJ may properly decide "anything not foreclosed by the mandate." *See Guidry*, 10 F.3d at 706.

### 2. *Analysis*

In *Gomez I*, Judge O'Brien stated as follows with regard to Dr. Arnold:

> Dr. Arnold is a state agency consultant who saw Plaintiff in relation to his physical, as opposed to mental, condition on November 11, 2008. Significantly, Dr. Arnold's opinion is the only opinion from an examining source on record that specifically deals with Plaintiff's physical capabilities. The ALJ determined Dr. Arnold failed to provide functional limitations. Tr. 16. However, Dr. Arnold indicated Plaintiff could lift and carry 40 pounds, could stand for 20 minutes, could sit for 30 minutes, and could walk for 2 blocks. Though it is possible, as the Commissioner maintains, that Dr. Arnold was merely reciting Plaintiff's subjective allegations, this is ultimately not clear on the record. When a record is unclear, an ALJ has a duty to "fully and fairly develop" it prior to making a final decision. *Nevland v. Apfel*, 204 F.3d 853, 857 (8th Cir. 2000).

*Gomez I*, 2012 WL 4482154, at *10. Later, in concluding that remand was necessary, Judge O'Brien stated:

> [T]hough Dr. Arnold, the only examining source who considered Plaintiff's physical capacity on record, seemed to assign Plaintiff physical functional limitations which the ALJ failed to account for in the RFC he assigned Plaintiff, there is a legitimate question as to whether Dr. Arnold was merely reciting Plaintiff's subjective allegations, rather than making objective medical findings; as such, the record needs to be developed further.

*Id.* at *11. Gomez argues that the ALJ failed to follow Judge O'Brien's order on remand by obtaining clarification from Dr. Arnold. The Commissioner agrees that the ALJ did not re-contact Dr. Arnold but contends that doing so would have been futile. The Commissioner argues that "the only way for the ALJ to obtain such clarification from Dr. Arnold would have been to contact him with the hope that he would specifically remember plaintiff and his one-time consultative examination almost five years later." (Doc. 12, at 10). The Commissioner asserts, therefore, that "there was no reasonable expectation that Dr. Arnold would have been able to provide any insight into the contents of his report." (*Id.*, at 11).

The Commissioner's argument is not well-founded. Not only did the ALJ fail to contact Dr. Arnold on remand, but he also relied on the same interpretation of Dr. Arnold's report that Judge O'Brien found to be ambiguous. In the initial decision, the ALJ found that "Dr. Arnold did not provide functional limitations based upon his examination." AR 16. After remand, despite obtaining no additional information from Dr. Arnold, the ALJ found: "Dr. Arnold did not provide functional limitations based upon his examination. Dr. Arnold listed all the symptoms reported by the claimant . . . ." AR 405. This is in direct conflict with Judge O'Brien's prior finding that "there is a legitimate question as to whether Dr. Arnold was merely reciting Plaintiff's subjective allegations, rather than making objective medical findings. . . ." *Gomez I*, 2012 WL 4482154, at *11.

The Commissioner also argues that Dr. Arnold was clearly documenting Gomez's description of his symptoms, not making objective medical findings. (Doc. 12, at 11). This constitutes, however, an attempt by the Commissioner to relitigate Judge O'Brien's prior conclusion that Dr. Arnold's report was unclear. The issue of the clarity of Dr. Arnold's report is settled in this case. "The law of the case doctrine prevents the relitigation of a settled issue in a case and requires courts to adhere to decisions made in

earlier proceedings...." *United States v. Bloate*, 655 F.3d 750, 755 (8th Cir. 2011) (quoting *United States v. Bartsh*, 69 F.3d 864, 866 (8th Cir. 1995)). Here, Judge O'Brien ruled that Dr. Arnold's findings are ambiguous and required further development of the record. The ALJ was bound by this finding. *See Brachtel v. Apfel*, 132 F.3d 417, 420 (8th Cir. 1997) (an ALJ is bound by this district court's finding on remand).

If the ALJ had gathered substantially different evidence after the remand, and based the second decision on that new evidence, another remand could have been avoided. "[T]he law-of-the-case doctrine does not preclude a different conclusion if the adjudicator is presented with substantially different evidence." *Hulsey v. Astrue*, 622 F.3d 917, 925 (8th Cir. 2010) (citations omitted). Here, the ALJ did not possess any information that the previous ALJ did not have prior to remand. Based on the same information, the ALJ again stated that Dr. Arnold did not provide functional limitations but, instead, simply listed the limitations described by Gomez. No effort was made to comply with Judge O'Brien's order. The Commissioner admits this. Doc. 12 at 10-11.

The Commissioner also argues that Gomez prevented the development of the record concerning his physical RFC. In support, the Commissioner notes that Gomez missed two consultative examinations without offering any reason. AR 810. While this is true, it is not new information because the missed appointments occurred long before remand. The examinations at issue were scheduled in 2010, while Gomez's request for Appeals Council review of the first ALJ decision was pending. AR 1-5, 810. As noted earlier, Gomez filed his prior action in this court on March 30, 2011, and Judge O'Brien remanded the case on September 26, 2012. Thus, the missed appointments do not constitute new information and, therefore, do not justify departure from the law of the case doctrine. *Hulsey*, 622 F.3d at 925. If the Commissioner disagreed with Judge O'Brien's order, that order could have been appealed. Ignoring the order was not an appropriate option.

Judge O'Brien made a finding that the first ALJ's physical RFC, which provided that Gomez could do medium work, was not supported by substantial evidence. *Gomez I*, 2012 WL 4482154, at *10-11. He remanded the case to cure this deficiency. Because the deficiency was not cured, the second ALJ's identical RFC remains unsupported by virtue of the law of case doctrine. *Brachtel*, 132 F.3d at 420.

The final question is whether to remand this case – again – or to order the immediate award of benefits. A court may "enter an immediate finding of disability only if the record 'overwhelmingly supports' such a finding." *Papesh v. Colvin*, 786 F.3d 1126, 1135 (8th Cir. 2015) (quoting *Buckner v. Apfel*, 213 F.3d 1006, 1011 (8th Cir. 2000). Given that Gomez's claim has already been pending for almost seven years, finality would be welcome. However, the record does not "overwhelmingly support" a finding of disability. As such, remand is the only option. Because I conclude that remand is necessary under the law of the case, there is no need to address Gomez's remaining arguments.

## VI. CONCLUSION

For the reasons set forth herein, the Commissioner's determination that Gomez was not disabled is **reversed and remanded** for further proceedings consistent with this order. Judgment shall enter in favor of Gomez and against the Commissioner.

On remand, the ALJ is directed to comply fully with Judge O'Brien's prior remand order.

**IT IS SO ORDERED** this 29th day of February, 2016.

_____
C.J. Williams
United States Magistrate Judge
Northern District of Iowa