# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CENTRAL DIVISION

| | |
|---|---|
| JOHN Z. GOMEZ, JR., | |
| Plaintiff, | No. 14-CV-3073-CJW |
| vs. | ORDER |
| COMMISSIONER OF SOCIAL SECURITY, Carolyn W. Colvin, Acting Agent, | |
| Defendant. | |

This matter is before the Court pursuant to plaintiff's "Motion For EAJA Fees" (Doc. 16), requesting attorney fees in the amount of $3,197.25.

In response, defendant filed "Defendant's Response To Plaintiff's Application For Attorney Fees Pursuant To The Equal Access To Justice Act" (Doc. 17) stating defendant has no objection to plaintiff's request for attorney fees under the EAJA in the amount of $3,197.25.

Further, Defendant states that in accordance with *Astrue v. Ratliff*, 560 U.S. 586 (2010), "the EAJA fee is payable to plaintiff as the litigant and may be subject to offset to satisfy a pre-existing debt that the litigant owes to the United States." Doc. 17.

28 U.S.C. § 2412(d) of the EAJA provides for the award of fees and expenses if: (1) the party requesting the fees prevailed; (2) the position of the United States was not "substantially justified;" (3) the fees were incurred by the moving party in a "civil action . . . including proceedings for judicial review of agency action;" (4) the action was brought by or against the United States; (5) the court entering the ruling had "jurisdiction of that action;" (6) the party seeking fees submitted an application 30 days after final

judgment, specifying the "amount sought, including an itemized statement . . . stating the actual time expended and the rate at which fees and other expenses were computed;" (7) the amount sought is reasonable under the circumstances; and (8) there are no "special circumstances" making "an award unjust." (citation omitted).

In this case, Plaintiff has satisfied each necessary element. Plaintiff prevailed in a civil action against the Commissioner of Social Security (Doc. 14). This Court properly exercised jurisdiction pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3). The Commissioner was not substantially justified in that the overwhelming weight of the evidence supported the conclusion that the Commissioner's decision should be reversed and remanded for further consideration. Plaintiff's request for attorney's fees included an itemized statement of the actual time expended (Doc. 16-2). Neither the Commissioner nor this Court consider the amount agreed upon by the parties to be unreasonable under the circumstances.[1] And, finally, this Court is unaware of any special circumstances which would render the award unjust.

**Therefore, attorney fees under EAJA are granted in the agreed upon amount of $3,197.25, payable to the plaintiff from the Social Security Administration, and mailed to plaintiff's attorney's address after any offset.[2]**

**IT IS SO ORDERED** this 17th day of May, 2016.

_____
C.J. Williams
United States Magistrate Judge
Northern District of Iowa

---

[1] 28 U.S.C. § 2412(d)(2)(A) provides that "attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living . . . justifies a higher fee." (citation omitted). In this case, the Court has reviewed the Itemization of Fees provided by Attorney DePree regarding the charged rate in this case (Docket No. 16-2).

[2] As previously stated, the fee amount is subject to offset as out in *Astrue v. Ratliff*, 560 U.S. 586 (2010). Doc. 17.